REGAN JONES v. F. A. ELKS.

(Filed 17 September, 1941.)

Venue § 1a—

> In an action for negligent injury, the court's finding, upon conflicting evidence, that the residence of plaintiff is in the county in which the action is instituted, the finding supported by sufficient competent evidence is binding upon appeal, and defendant's exception to the refusal of his motion to remove cannot be sustained.

APPEAL by defendant from *Thompson, J.,* at April Term, 1941, of BEAUFORT. Affirmed.

Civil action to recover compensation for personal injuries resulting from an automobile collision, heard on motion to remove.

An automobile being operated by plaintiff and an automobile being operated by the defendant collided on a public road in Pitt County. Plaintiff alleges that the collision was caused by the negligence of the defendant and that he sustained certain personal injuries as a result thereof.

*LeRoy Scott and Carter & Carter for plaintiff, appellee.*
*J. B. James and Louis C. Skinner for defendant, appellant.*

PER CURIAM.   On the motion to remove the cause to Pitt County as
the proper venue for the trial of the cause the evidence as to the resi-
dence of the plaintiff was conflicting.   The court found as a fact that
he is a resident of Beaufort County.   There is sufficient competent evi-
dence to support the finding..   It is, therefore, binding on this Court.
*McCue v. Times-News Co.,* 199 N. C., 802, 156 S. E., 129.

Affirmed.